# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES CNG DELGYN,<br><br>                         Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                         Defendant. | Case No. 18-CV-1088-JPS<br><br>**ORDER** |

On June 7, 2018, Plaintiff filed his *pro se* complaint in Milwaukee County Circuit Court alleging that Defendant violated the Fair Credit Reporting Act and the Wisconsin Consumer Act by failing to remove certain alleged inaccuracies from his credit report. (Docket #1-1). On July 16, 2018, the case was removed to this Court. (Docket #1). On March 15, 2019, Defendant filed a motion for summary judgment, advancing various legal and factual arguments as to why this case should be dismissed with prejudice. (Docket #27 and #28). Defendant also filed a statement of material facts and attached supporting evidence thereto. (Docket #29, #30, and #31). Finally, Defendant provided Plaintiff with a copy of the federal and local rules of procedure governing summary judgment submissions. (Docket #27 at 3–11).[1]

Plaintiff filed his responsive materials on April 4, 2019. They border on the nonsensical and certainly do not comply with the rules of procedure. Plaintiff's response brief focuses solely on frivolous contentions about the

---

[1] Plaintiff was also provided with a copy of those rules, as well as a *pro se* litigation guide, by the Court along with its trial scheduling order. (Docket #15).

admissibility of Defendant's evidence. (Docket #32).² He does not suggest any legitimate legal or factual basis to contradict Defendant's arguments in its motion. Plaintiff also filed a response to a notice of deposition, (Docket #35), and a "statement of claim," which appears to be a belated attempt to make his Rule 26(a)(1) disclosures, (Docket #36). Plaintiff filed nothing which could be construed as a response to Defendant's statement of facts.

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). Though Plaintiff proceeds *pro se*, and thus his submissions are to be construed generously, he must at least attempt to comply with the Court's procedural requirements, and more importantly, to offer valid legal and factual arguments in his briefs. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("A district court is not required to wade through improper denials and legal argument in search of a genuinely disputed fact. And a mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material. In short, judges are not like pigs, hunting for truffles buried in briefs.") (citations and quotations omitted); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants). Plaintiff did nothing of the sort. The Court will, therefore, grant

---

²In his response brief, Plaintiff is adamant that Defendant's evidence is inadmissible because it was provided in conjunction with affidavits from defense counsel. (Docket #32). Plaintiff is wrong. Affidavits by lawyers are a perfectly valid and, indeed, common method by which to append evidence to a summary judgment motion. Plaintiff's motions to strike, which advance the same arguments as his brief, will be denied. (Docket #33 and #34).

Defendant's motion based on the undisputed facts and the unrebutted arguments presented in its summary judgment papers.

This is not the first time Plaintiff has had a motion granted against him on the basis of an invalid response. The former defendant Craig Boundy filed a motion to dismiss at the outset of this case, and Plaintiff failed to file a response within the time permitted by rule. The Court reminded Plaintiff of his obligation to respond at the scheduling conference, to which he simply stated that he "rejected" the motion to dismiss. (Docket #38-2). The Court informed Plaintiff that a conclusory oral rejection of the motion was improper, and that he needed to file a brief which offered arguments and cited authority. *Id.* When it became clear that no response brief was forthcoming, the Court was left with no choice but to grant the motion to dismiss. (Docket #16). Plaintiff then took a frivolous appeal of that order, (Docket #17), which he later dismissed voluntarily, (Docket #24).

The Court is confronted with the identical frivolous conduct with respect to Defendant's instant motion. Plaintiff knew that he was required to provide evidence and legal argument to properly oppose Defendant's motion, and he was provided with the procedural rules governing his response. Plaintiff chose to ignore those rules and make baseless arguments about the admissibility of evidence, rather than addressing the merits of Defendant's arguments. Further, the docket reflects Plaintiff's willful refusal to engage in the discovery process. He apparently believes that he can choose not to participate in discovery, as he has declined to answer Defendant's written discovery requests, (Docket #26), or sit for his properly noticed deposition, (Docket #38-1). By filing this case, Plaintiff obligated himself to join in the discovery process; refusal to do so is sanctionable. *See*

Fed. R. Civ. P. 37. And if all this were not enough, Plaintiff has engaged in similar conduct in other cases before this Court. *See James CNG Delglyn v. James M. Peck*, No. 18-CV-1076-JPS (E.D. Wis.) (Plaintiff refused to engage in discovery and a motion to dismiss was granted in the face of Plaintiff's nonsensical response); *James CNG Delglyn v. Educators Credit Union*, No. 19-CV-350-JPS (E.D. Wis.) (action dismissed as frivolous).

Plaintiff will not be permitted to indulge the Court's limited time and the taxpayers' resources with frivolous lawsuits and a refusal to meaningfully litigate the suits he files. The Court will, therefore, impose two sanctions upon Plaintiff. First, he has forfeited the right to proceed *in forma pauperis* in this District in any future cases he files here. Second, the Court sanctions Plaintiff in the amount of $200.00. Until Plaintiff pays this amount in full, the Clerk of the Court in this District shall return, unfiled, any papers submitted by Plaintiff except for those in defense of a federal criminal case or applying for a writ of habeas corpus. *Bradley v. Wis. Dep't of Children & Families*, 715 F. App'x 549, 550 (7th Cir. 2018), citing *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Plaintiff may move the Court, no earlier than two years from the date of this Order, to rescind or modify this filing ban.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Docket #27) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions to strike (Docket #33 and #34) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff is barred from filing new actions in this District *in forma pauperis*; and

**IT IS FURTHER ORDERED** that Plaintiff is sanctioned in the amount of $200.00. Until this amount is fully paid, the Clerk of the Court of this District is directed to return unfiled any papers submitted by Plaintiff except for those in defense of a federal criminal case or applying for a writ of habeas corpus.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge